IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent.

vs.

STEVEN MICHAEL KELLY,

    Movant.

No. CR S-05-0258 MCE EFB

FINDINGS AND RECOMMENDATIONS

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Respondent has filed a motion to dismiss, claiming that movant waived his right to bring this motion and that the motion is untimely. For the following reasons, respondent's motion to dismiss must be granted because movant waived his right to collaterally attack his sentence.

Movant pleaded guilty to transportation with intent to engage in criminal sexual activity with a minor and production of child pornography. Dckt. No. 8 at 1. On October 24, 2005, the assigned district judge sentenced movant to 300 months. *Id.* Movant filed the instant motion to

---

[1] This motion was assigned, for statistical purposes, the following civil case number: No. CIV S-07-0038 MCE EFB.

1

vacate, set aside or correct his sentence on January 8, 2007.[2]

Respondent moves to dismiss this action as waived by movant's plea agreement. A knowing and voluntary waiver of appeal rights in a negotiated plea agreement is enforceable in federal court. *United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990); *see also United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) ("A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made"); *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993) (upholding waiver of right to collateral review).

A reviewing court "looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). Notably, waivers cannot bar ineffective assistance of counsel claims associated with the negotiation of plea agreements. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver."). *See also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain").

The facts surrounding the entry of the plea agreement follow. On June 20, 2005, movant pleaded guilty to the counts listed above. Dckt. No. 12, Attach. 1. His plea agreement contained the following language: "Defendant specifically agrees no threats have been made against him and that he is pleading guilty freely and voluntarily." *Id.* at 5. The agreement also stated: "The

---

[2] As set out in detail in respondent's motion to dismiss, movant filed other motions to vacate, set aside or correct his sentence on a different court docket. *See* Dckt. No. 12 at 5-10. Although those filings might affect whether the instant motion is time-barred–an issue the court does not reach here–they have no bearing on the waiver issue.

| | |
|---|---|
| 1 | defendants understands that the law gives him a right to appeal his conviction and sentence. |
| 2 | KELLY agrees to waive all rights to appeal his guilty plea and the sufficiency of the evidence |
| 3 | against him and to attack collaterally his guilty plea ant the sufficiency of the evidence against |
| 4 | him, pursuant to 18 U.S.C. § 3742, 28 U.S.C. §§ 2255 and 2241. Further, KELLY agrees to |
| 5 | waive all rights to appeal and attack collaterally any aspect of his sentence pursuant to 18 U.S.C. |
| 6 | § 3742, 28 U.S.C. §§ 2255 and 2241, to the extent he is sentenced to no more than 25 years (300 |
| 7 | months) imprisonment." *Id.* at 16. Finally, the plea agreement stated: "I, STEVEN MICHAEL |
| 8 | KELLY, have consulted with my attorney and I fully understand my rights . . . I have read this |
| 9 | plea agreement and I have carefully reviewed every part of it with my attorney . . . I understand |
| 10 | this plea agreement, and I voluntarily and willfully agree to its terms . . . . no one has threatened |
| 11 | or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the |
| 12 | representation of my attorney in this case." *Id.* at 18. |

At the June 20, 2005 change of plea hearing, movant was sworn and entered his guilty plea. Dckt. No. 12, Attach. 2 at 2. Movant agreed that he was fully satisfied with the advice and representation given him by his attorney. *Id.* at 4. He agreed that he was entering the guilty plea voluntarily because it was what he wanted to do. *Id.* at 6. At the request of the court, government counsel summarized the terms of the plea agreement, including that "The defendant will waive his right to a plea and collaterally attack on the conviction."[3] *Id.* at 6-7. Movant agreed that these were the terms of his plea agreement with the government. *Id.* at 8. Movant agreed that no one had made any other promises to induce him to enter the plea other than those contained in the agreement. *Id.* at 8. The court asked movant if he understood that "by entering a plea of guilty as to these two counts, you will have waived or given up certain rights to collaterally attack or appeal the sentence or plea," and movant responded in the affirmative. *Id.*

---

[3] Counsel likely intended to say that defendant waived his right to appeal and collaterally attack his conviction. In any event, the written plea agreement signed by movant clearly so states.

at 11.  Movant then entered his plea of guilty and the court found that movant was "fully competent and capable of entering an informed plea and that his pleas of guilty are knowing and voluntary pleas supported by an independent basis and fact containing each of the essential elements of the offense." *Id.* at 15-16.

The claims in movant's motion to vacate, set aside, or correct his sentence are: 1) his conviction was obtained by the use of evidence gained through an unconstitutional search and seizure; 2) he was denied the ineffective assistance of counsel; and 3) his conviction was obtained by the use of a coerced confession. § 2255 Mot., Dckt. No. 10, at 3-4.  Movant writes "after a year's time and fed. Prosecutor's continuous threats of a life sentence, I agreed to a Plea Agreement reinforced by my Public Defender and her unwillingness to investigate unconstitutional search and seizure." *Id.* at 5.  A letter from movant's father is attached to the motion.  With respect to the ineffective assistance of counsel claim, the letter states, "It took the Prosecutor over a year to make his case against our son and through the Public Defender, as well, weekly harassed Steven with threats of a Life sentence and his eventual coerced plea agreement." *Id.* at 9.  In a section titled, "Insufficiencies of Public Defender and defense," the letter states, "At first charge by state, Public Defender told Defendant that she would pursue 4th amendment, third party consent rights violation.  It seemed as though she was now representing the feds and not the Defendant.  From our perspective, she became the errand 'boy' and mediator for the prosecution!" *Id.* at 10.

Movant waived any allegations of pre-plea constitutional defects by pleading guilty. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations.

4

A defendant may only attack the 'voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases.'"); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (holding that defendant's guilty plea waived claim of ineffective assistance of counsel occurring before the plea). Thus, movant's ineffective assistance of counsel claim on the basis that his attorney was unwilling to investigate his fourth amendment claims, and his claim that his confession was coerced, have been waived unless his waiver of his appeal rights was not knowing and voluntary.

To the extent that movant argues that his attorney rendered ineffective assistance in negotiating his guilty plea, the circumstances surrounding the signing and entry of the plea agreement demonstrate that the waiver of appeal rights was knowingly and voluntary. Movant now makes the factually vague claims that his trial attorney "became the errand 'boy' and mediator for the prosecution" and that she "harassed [him] with threats of a Life sentence." Dckt. No. 1 at 9-10. Similarly, in his opposition to the motion to dismiss, movant claims that his attorney did not "fully represent" him. Dckt. No. at 2. But movant does not identify any specific failings of his trial attorney. He does not claim that she mislead him as to the contents or effect of the plea agreement.

As explained above, at his change of plea hearing movant indicated in open court that he was fully satisfied with the advice and representation given him by his attorney, and that he was entering into the plea agreement voluntarily because it was what he wanted to do. Such sworn statements carry substantial weight in the assessment of the voluntariness of movant's guilty plea, and "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Movant further argues that his plea was not knowing and voluntary because he was charged with crimes in two different districts. Dckt. No. 19 at 2-3. He argues that this splitting of the charges "allowed for the prosecution to 'threaten' . . . [him] with the idea that if he did not enter into a plea CONTRACT, he might face consecutive sentences, not a single concurrent

5

sentence." *Id.* at 2. He argues that this was a "covert" form of coercion. *Id.* at 3. But movant cites no authority holding that being charged in two different districts is impermissible. While the threat of serving consecutive sentences may have induced movant to enter into the plea agreement, this shows only that movant received a benefit from the plea agreement, rather than that the agreement was not knowing and voluntary.

To the extent that movant argues that the court caused his plea to be not knowing or voluntary, or that the government breached its obligations under the plea agreement, he fails to allege any facts to support such an argument. *See* Dckt. No. 19 at 3 ("Personal jurisdiction is not waived if Court and Court personel [sic] deceived, coerced, misrepresented, threatened, and/or established conditions to perpetuate a lie"); *id.* at 4 ("if the Government breached any part of their obligation under the Plea Agreement/ Contract, the Defendant is no longer obligated to perform his obligation").

In his opposition to the government's motion to dismiss, movant asks this court to accept an affidavit "to supplement this Motion." Dckt. No. 19 at 7. Movant writes that in this affidavit he will "particularize the falsehoods, inaccuracies, and misleading information present in the government's Motion." *Id.* Because the only evidence presented by respondent are the change of plea hearing transcript and the plea agreement itself, and movant has not claimed that these documents are not authentic copies, such an affidavit would not affect this ruling.

The court finds that the plea agreement and the circumstances surrounding its adoption establish that movant knowingly and voluntarily waived his right to appeal. *See Baramdyka*, 95 F.3d at 844. Therefore, movant's waiver of the right to file an appeal or collateral attack on his conviction bars his claims. Because movant has waived his right to file this appeal, the court does not reach the issue of the timeliness of his motion.

////

////

////

6

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 9, 2011 motion to dismiss be granted; and

2. The Clerk be directed to close the companion civil case, No. CIV S-07-0038 MCE EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE